# United States District Court

**SOUTHERN** **DISTRICT OF** **TEXAS**
McAllen Division

UNITED STATES OF AMERICA
V.
**Estrella Yamilex ARROYO**
YOB: 1997
COC: United States

*Name and Address of Defendant*

FILED
SEP 15 2016
Clerk of Court

## CRIMINAL COMPLAINT

Case Number: M-16- -M
1718

I the undersigned complainant, state the following is true and correct to the best of my knowledge and belief. On or about **September 14, 2016** in **Hidalgo** County, in the **Southern** District of **Texas** defendant(s) did,

knowing or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States violation of law, transports, or moves or attempts to transport or move such alien within the United States by means of transportation or otherwise, in furtherance of such violation of law and brought the alien for the purpose of commercial advantage or private gain,

in violation of Title **8** United States Code, Section(s) **1324(a)(1)(A)(ii) & 1324(a)(2)(B)(ii)**
I further state that I am a(n) **Customs and Border Protection Officer** and that this complaint is based on the following facts:

**Refer to Attachment A**

Continued on the attached sheet and made a part of this complaint:  [X] Yes   [ ] No

Sworn to before me and subscribed in my presence,

**Approved By:   T. Trevino**

_____
Signature of Complainant
**Nidia Trevino**
Printed Name of Complainant

**September 15, 2016**                    10:24 a.m.   at   **McAllen, Texas**
Date                                                         City and State

~~Dorina Ramos~~
**U.S. Magistrate Judge**
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

## Attachment A

The defendant, a United States citizen and driver of the vehicle, attempted to bring illegally into the United States through the Hidalgo Port of Entry alien child J.M. (male, 9 months old), a Honduran citizen, as a United States citizen. At primary, the defendant claimed the child as her son, that he was a United States citizen, and presented a City of Edinburg, Texas birth certificate bearing the name A.J.C. as proof. The defendant and the child were referred into secondary for further inspection.

In secondary, initial inspection resulted in the defendant becoming agitated and upset, adamant the child was her son. Further inspection resulted in the defendant admitting to the child not being her son. She went on to admit to using her son's birth certificate to facilitate the child's illegal entry into the United States and to knowing the child was not a United States citizen.

The defendant stated she had been contacted by an unknown man and propositioned into bringing the child into the United States illegally, using her son's birth certificate. She accepted, traveled to Reynosa, Tamaulipas, Mexico, and met with the child's grandmother. She took custody of the child, and proceeded to make entry into the United States through the Hidalgo Port of Entry.

The defendant went on to state she had been provided with $100 dollars from the child's grandmother. Upon the child's arrival in McAllen, she was to be provided with additional monies, ranging from $500 to $1,000 dollars.

Contact was established with the child's father and provided the identity and nationality of the child. Database queries on the child revealed no legal status to enter the United States. He was transported to the International Educational Services for temporary housing.